## THERASSON vs. PETERSON.

### September, 1866.

Defendants, being insolvent, agreed with plaintiffs and certain other creditors, to transfer property consisting of stock in trade and book accounts of uncertain value, to trustees, to dispose of it and pay all their debts *pro rata,* and plaintiffs agreed, in consideration of defendants making such transfer, to release them from all indebtedness. Defendants performed their part of the agreement, and put the trustees in possession of the property. *Held,* these facts, without proof that plaintiffs accepted the assignment, constituted an accord and ·satisfaction, and were a defense to an action by plaintiffs on the original indebtedness.

Louis F. Therasson and another, sued George F. Peterson and George S. Humphrey, in the supreme court, on a promisory note, made by defendants under their firm name of Peterson & Humphrey.

In the latter part of February, 1857, defendants were copartners in business, and insolvent. Their indebtedness was some eighty thousand dollars, and their assets consisted of a stock of goods and book accounts, the real value of both of which was uncertain. They disclosed the condition of the firm to three of their principal creditors, and, upon consultation with their creditors, it was deemed best for all parties that defendants should

forthwith assign and deliver their property to their creditors in satisfaction of their debts. The suggestion of this plan came from one of the consulting creditors, who drew up the form of a proposal to be signed by the defendants, and an acceptance to be signed by their creditors. The proposal, as signed by the defendants (after reciting the embarrassed condition of co-partnership affairs), was in this form: "We hereby propose that in case our creditors will grant us a release, we will surrender into the hands of William G. Lambert, William C. Haggarty, and William M. Bliss, in trust for our creditors, all our stock of goods, debts due to us, whether by note or book account, and all other copartnership property of every name. and description, only reserving to ourselves the sum of one thousand dollars to each of us, to provide for our personal debts and to cover our personal expenses, until we are enabled to make other business arrangements, the property so conveyed in trust to be disposed of as the trustees may deem most for the interest of all concerned, and the proceeds to be divided among all our creditors *pro rata*, and without preference, except for such amounts as are covered by collateral securities already pledged."

The acceptance, which was signed by plaintiffs and some fifty other creditors (some eight or ten, for small amounts, as it appeared, not signing it), was as follows: "We, the undersigned, creditors of the firm of Peterson & Humphrey, of the city of New York, agree to accept the foregoing proposition, and to grant them the release they ask, upon the conditions named; and the conveyance in trust of their property for the purposes specified, we hereby agree shall be a release and discharge in full of their indebtedness to us."

On March 7, following, the defendants executed an assignment to the persons named in the proposal, of "all their partnership property and effects, whatsoever and wheresoever, real and personal, including cash on hand, stock in trade, store fixtures and furniture, the lease of store No. 524 Broadway, and all notes, bills, accounts, and balances of account, and other choses in action, owing or in any way belonging to them, excepting and reserving, by consent of the creditors heretofore given, one thousand dollars to said Peterson, and one thousand dollars to said Humphrey, to be paid them by the said

trustees out of the trust funds, in sums and at times at the discretion of the trustees. To have and to hold, &c., forever, upon trust nevertheless, and to and for the uses following, namely: To convert the same into cash without unnecessary delay, and to apply the proceeds thereof, after paying the lawful expenses of the trust hereby created, to the payment of all the debts of our said firm in equal ratable proportion, until the same shall be paid in full, or, as far as said proceeds will go." Upon the execution and delivery of the deed of assignment, the trustees named therein took possession of all the assigned property, and executed the trusts therein contained.

The supreme court gave judgment for defendants, and this was affirmed at general term.

Samuel Hand, for plaintiffs, appellants.—Plaintiffs were entitled to judgment, and the court should have so directed. Goelet v. Ross, 15 Abb. Pr. 251; People v. Board of Police, 35 Barb. 651. The paper signed by plaintiffs was void for want of consideration. It was not under seal, and was without consideration, all the creditors of the defendants not having signed it. Fellows v. Stevens, 24 Wend. 299; Boothly v. Snowden, 2 Cowp. 175; Acker v. Phœnix, 4 Paige, 305. The transaction was not good as an accord and satisfaction, for here was no satisfaction. Dolsen v. Arnold, 10 How. Pr. 528; Tilton v. Alcott, 16 Barb. 598; Hawley v. Foote, 19 Wend. 516. The agreement of plaintiffs was to grant defendants the release upon the conditions named in the proposal. The future transfer by defendants to the assignees was what plaintiffs agreed to receive as satisfaction of their claims. This assignment they must accept to make it a good accord and satisfaction. Until then, all defendants have proved is a mere executory agreement upon plaintiffs' part, not followed by any act of acceptance of the satisfaction tendered by plaintiffs.

James C. Carter, for defendants, respondents.—The facts proved constituted a complete defense. Before the agreement was executed by the making of an assignment, the assignment was in the nature of a composition. After being executed by the making of the assignment and the delivery of the property,

it was a full accord and satisfaction. Boyd *v.* Hind, 40 *E. L. & E.* 428 ; Norman *v.* Thompson, 4 *Exch.* 755. The true rule in respect to accord and satisfaction is, that when the debtor has done all that the creditor has agreed to accept in satisfaction of the pre-existing obligations, the accord is sufficiently executed. Babcock *v.* Hawkins, 23 *Vt.* 561 ; 2 *Pars. on Cont.* 193, 131, notes *n, x.* The authorities to show that the defense was well pleaded, are conclusive. Watkinson *v.* Inglesby, 5 *Johns.* 386 ; Eaton *v.* Lincoln, 13 *Mass.* 424.

BY THE COURT.—WRIGHT, J. [After reciting the facts, and observing that no question of fraud was available.]—The sole point is, whether the matters alleged in the defendants' answer,* and proved on the trial, were a defense to the action.

I am of the opinion that the transaction was good as an accord and satisfaction. The defendants were in an insolvent condition, and unable to meet their debts as they matured, but had a large amount of property on hand of uncertain value. Under these circumstances an agreement was entered into between them and certain of their creditors, among whom were the plaintiffs, whereby the said creditors, in consideration that the defendants would transfer, surrender and convey to three persons named as trustees, all their copartnership property of every name and description (except the sum of one thousand dollars to each of the defendants to provide for their personal debts), in trust, that the said trustees should dispose of the same as they should deem most for the interest of all concerned, and dispose of the proceeds of the property so as to be conveyed equally among all the creditors of the defendants, without preference, except for such amounts as were covered by collateral securities already pledged, agreed to release and discharge the defendants from all and every debt or indebtedness due and owing, or about to be due and owing, from the defendants to them respectively. The defendants fully performed the agreement on their part, by making the assignment

* The original answer pleaded the facts as a release, but on the trial, and before the proofs were put in, defendants were allowed to amend and plead the same facts as an accord and satisfaction.

to the persons named, and actually putting the property in the possession of the trustees.

This was a valid agreement of accord as between the parties to it. But it is claimed to have been an accord executory merely. The future transfer by the defendants to the assignees, it is said, is what the plaintiffs agreed to receive in satisfaction of their claims, and this assignment they must accept to make it a good accord and satisfaction. That until then, all the defendants have proved is a mere executory agreement upon the part of the plaintiffs, not followed by any act of acceptance of the satisfaction tendered by the plaintiffs. I am not prepared to adopt this view. On the contrary, I think the true view of the transaction, is, that before the agreement was executed by the making of an assignment, the assignment was in the nature of a composition. After being executed by the making of the assignment and the delivery of the property, it was a full accord and satisfaction. The true rule in respect to accord and satisfaction is, that when the debtor has done all that the creditor has agreed to accept in satisfaction of the pre-existing obligation, the accord is sufficiently executed. I am for affirmance of the judgment.

All the judges concurred, except PORTER, J., not voting.

Judgment affirmed, with costs.

